THE COMMON COUNCIL OF THE CITY OF TRENTON v. DAVID SHAW.

The provision in the charter of the city of Trenton that requires " that all contracts for doing work, furnishing materials for any *improvement* provided under this act," &c., shall be given to the lowest bidder, applies only to contracts relating to the streets, &c., and not to a contract to furnish rubber hose for the fire department.

On error to the Supreme Court.   For the opinion of the Supreme Court, see *ante, p.* 339.

For the plaintiff in error, *W. M. Lanning.*

*Contra, Wm. Y. Johnson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The common council of Trenton, by resolution, authorized the committee of the fire department to advertise for proposals to furnish the city with a certain quantity of rubber hose.   In answer to the advertisement certain bids were sent in, and the city authorities selected one of them which the Supreme Court held was not the lowest bid, and, on that account, vacated the proceedings.

In all the views expressed by the Supreme Court in this case we entirely concur, and the only difficulty in our disposition of the subject has arisen by reason of a question being raised in this court which had not been presented for consideration in the court below.   The objection referred to is that

the charter of the city of Trenton does not require all contracts for work and materials to be submitted, by advertisement, to competition, and to be awarded to the lowest bidder, but contracts only of a certain class, and that the contract in question does not belong to such class.

The section of the charter of the city which is pertinent to this inquiry thus introduced is the one hundred and seventh, and is in the words following, viz.: "That all contracts for doing work, furnishing materials for any improvement provided under this act, exceeding in amount $200, shall be advertised for ten days in one or more daily newspapers, printed and published in said city, and shall, at all times, be given to the lowest bidder or bidders," &c. *Pamph. L.* 1874, *p.* 385.

It is plain, from this citation, that the defendant in error, in order to sustain the judgment rendered in his favor in the court below, must establish the proposition that a contract to furnish rubber hose for the uses of the municipal fire department is a contract to furnish materials for an "*improvement,*" provided under the charter of the city. The question is, Can rubber hose, for such a use, be called, in the ordinary meaning of the term, a *city improvement?*

In the brief of the counsel of the defendant, it is argued that as the charter gives express power to pass ordinances to establish a fire department, and to provide fire engines and other apparatus, that the word "improvement" should be construed so broadly as to embrace an interest so highly beneficial to the public. But the answer to this is that it is out of the power of the court to add a new signification to the terms used, and it does not seem possible, if the propriety of language is to be observed, to designate the departments of municipal government, or any of them, by the phrase "city improvements." It may be safely said that no one ever thought of calling the finance, fire, water or other departments *improvements,* provided by the city charter.

And, if we regard the charter itself, we certainly find no sanction for so latitudinarian a use of the expression. There are a number of its sections in which this term "improvement"

is used. Of this description are paragraphs 8, 9, 14 and 33 of section 25 and sections 77, 78, 80, 84, 88, 90, 101 and 102, and these all relate to the opening, grading and paving of streets, graveling the sidewalks and gutters, constructing drains and sewers, and filling up low pieces of ground. There is nothing else in the charter that is styled improvements. And this is plainly in accordance with legal nomenclature, for in statutes, in judicial opinions, and in treatises by lawyers, whenever the expression "municipal improvements" is used, it is the matters designated in the sections of the charter of the city just referred to that are exclusively its subject. In every instance the terms mean some use or melioration of land for public purposes.

The result is that the word "improvement" in the section in question must be received as a term of limitation, having the effect of confining the requirement that contracts must be given to the lowest bidder, to that class of contracts which pertain to the opening of streets, and works of a similar character, and that consequently the common council did not transcend its chartered rights when it awarded the contract in question to one who was not the lowest bidder.

On this ground the judgment must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Depue, Dixon, Scudder, Van Syckel, Brown, Cole, Paterson, Whitaker. 10.